UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MARTIN ZAVADZAN, et al.,

                Plaintiffs,

        - v -

CITY OF NEW YORK, et al.,

                Defendants.
-------------------------------------------------------------------x

**ORDER**

CV-07-1047 (ARR)(VVP)

      Relying on a recent Second Circuit decision in *Cave v. East Meadow Union Free School District*, 514 F.3d 240 (2nd Cir. 2008), the defendants are moving to dismiss this action on the ground that this court lacks subject matter jurisdiction given the plaintiffs' failure to exhaust administrative remedies before filing this lawsuit. A schedule for the motion was set at a conference today which contemplates the completion of briefing on July 23, 2008. The defendants seek a stay of further discovery pending a decision on the motion.

      The defendants argue that this court has no authority to require discovery to proceed while a substantial question concerning subject matter jurisdiction remains unresolved. However, the two cases on which they principally rely – *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998), and *Alliance for Environmental Renewal, Inc. v. Pyramid Crossgates Company*, 436 F.3d 82 (2nd Cir. 2006) – do not stand for the proposition that a court has no power to act while subject matter jurisdiction is under review. Rather, they prohibit the court from deciding the merits of claims before determining that it has jurisdiction. Non-dispositive matters, on the other hand, may be addressed, as the Supreme Court recognized in *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 127 S. Ct. 1184 (2007), where it upheld dismissal of a case on grounds of *forum non conveniens* without first deciding jurisdictional

issues precisely because the ruling was non-dispositive. 127 S. Ct. at 1192. In so holding, the Court specifically endorsed the Seventh Circuit's view that "[J]urisdiction is vital only if the court proposes to issue a judgment on the merits." 127 S. Ct. at 1191-92 (quoting *Intec USA, LLC v. Engle*, 467 F.3d 1038, 1041 (7th Cir. 2006).

Although the defendants have substantial support for their argument that the plaintiffs' failure to exhaust administrative remedies deprives the court of subject matter jurisdiction over some of their federal claims, the plaintiffs have advanced substantial arguments that notwithstanding *Cave* the court nevertheless retains subject matter jurisdiction to entertain at least some their federal question claims. Moreover, the plaintiffs advise the court that, although they had not exhausted their administrative remedies under the IDEA before filing the present action, those remedies have now been exhausted. Accordingly, as the statute of limitations has not expired on those claims that may be subject to an exhaustion requirement, the plaintiffs may now assert them in a separate action, notwithstanding *Cave*, and then seek to consolidate them with the claims in the instant action.

As it appears to the court that all of the claims in the present complaint here will be proceeding, whether in this action or in some other action, there is no point in staying discovery and further delaying resolution of the claims. As decisions concerning discovery are clearly non-dispositive, the court is not prohibited from making such determinations under existing precedent. Accordingly, the motion to stay discovery is denied.

                                                  **SO ORDERED:**

                                                  *Viktor V. Pohorelsky*
                                                  VIKTOR V. POHORELSKY
                                                  United States Magistrate Judge

Dated: Brooklyn, New York
       May 14, 2008