UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MARTIN ZAVADZAN, et al.,

                Plaintiffs,

**ORDER**

- v -

CV-07-1047 (ARR)(VVP)

CITY OF NEW YORK, et al.,

                Defendants.
----------------------------------------------------------------x

The plaintiffs have moved to voluntarily dismiss certain claims in this action without prejudice, and their motion has been referred to me by Judge Ross.[1] Specifically, they seek to dismiss the claims they have brought under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1490 ("IDEA"), section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794, and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12300 ("ADA").[2]

The defendants have opposed the motion on rather unusual grounds. The parties are now in the midst of briefing the defendants' motion to dismiss the entire complaint for lack of subject matter jurisdiction. The defendants argue that the court should address the dismissal of all of the claims at the same time, and that the plaintiffs should simply not contest the defendants' motion with respect to the above claims. In other words, the defendants argue that I should not rule on

---

[1] By letter dated June 9, 2008, the plaintiffs sought a premotion conference with Judge Ross, who ordered that no premotion conference was necessary and referred the matter to me by endorsed order. By letter dated June 19, 2008, the defendants responded to the plaintiffs' letter. At a telephone conference today, the parties argued their respective positions and declined the court's invitation to provide further authorities. Accordingly, the court considers the plaintiffs' motion to have been made and fully submitted.

[2] The plaintiffs' complaint also asserts claims under various other federal enactments including Title IX of the Education Amendments Act of 1972, Pub. L. 92-318, 86 Stat. 373 (and amendments thereto), as well as 42 U.S.C. §§ 1981 and 1983. The plaintiffs do not seek voluntary dismissal of these claims.

the motion that has been referred to me by Judge Ross, and thus in essence "refer" the matter back to her. I decline that suggestion.

Under Rule 41 of the Federal Rules of Civil Procedure, if the parties do not consent to voluntary dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); *see Catanzano v. Wing*, 277 F.3d 99, 109-10 (2d Cir. 2001). Typically, a court "may allow a plaintiff to dismiss an action 'if the defendant will not be prejudiced thereby.'" *Correspondent Serv. Corp. v. First Equities Corp. of Florida*, 338 F.3d 119, 126 (2d Cir. 2003) (*quoting Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 (2d Cir. 1985)). Factors to be considered include,

> [1] the plaintiff's diligence in bringing the motion; [2] any "undue vexatiousness" on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss.

*Catanzano*, 277 F.3d at 110.

The defendants have not argued, and the court does not perceive, that any of the above factors weigh against the plaintiff's motion. Nor have the defendants articulated any other prejudice that they will suffer if the motion is granted. Given the rather unique procedural posture of this case, the plaintiffs' motion appears to serve judicial economy and prompt dispute resolution far better than the defendants' alternative. The defendants' subject matter jurisdiction motion will be premised on the plaintiffs' failure to exhaust administrative remedies with respect to their IDEA, Rehabilitation Act and ADA claims before they filed the instant action. The defendants concede that, once the plaintiffs' administrative remedies have been exhausted, the court will have subject matter jurisdiction to consider those claims and the plaintiffs will be able

to prosecute them.[3] Because the plaintiffs have now apparently exhausted the necessary administrative remedies, and have filed a new action asserting the above claims, granting the plaintiffs' dismissal motion will spare the parties and the court the effort of dealing with them any further in the instant action. Moreover, the parties will be able to turn their attention to completing discovery and moving toward resolving the claims, albeit in the new action, which will likely be consolidated with the instant action since both arise from the same factual nucleus. The defendants' proposed alternative, postponing decision on the plaintiffs' voluntary dismissal motion, serves no jurisprudential purpose and merely wastes time.

Accordingly, the plaintiffs' motion to dismiss their IDEA, Rehabilitation Act and ADA claims without prejudice is granted.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
June 20, 2008

---

[3] Put another way, a dismissal of the claims for lack of subject matter jurisdiction based on a failure to exhaust administrative remedies would not serve as a bar to a later assertion of the claims once exhaustion had occurred.